IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE NEW LONDON TOBACCO MARKET, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:13-CV-081 |
| PHILIP MORRIS USA INC., ) ) ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This civil action was removed from the Chancery Court of Jefferson County, Tennessee on February 14, 2013, on the basis of diversity jurisdiction. Now before the court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded in opposition to the motion, and defendant has submitted a reply. For the reasons that follow, defendant's motion will be granted, and this case will be dismissed.

I.

*Background*[1]

Plaintiff is engaged in the business of lending to farmers. From 2009 through 2011, plaintiff loaned money to the following related persons and entities: Grace M. Manley;

---

[1] The court's factual recitation is taken from plaintiff's complaint, the contents of which must be accepted as true at this stage of the proceedings.

James Todd Manley; Stephen K. Manley; Manley Farms; and Manley's Farm (collectively, "the Manleys"). The loans were evidenced by promissory notes and security agreements granting plaintiff a security interest in the Manleys' crops. Plaintiff in turn gave defendant notice of those security interests.

Defendant purchased crops from the Manleys in 2009, 2010, and 2011 which were encumbered by security interests in favor of plaintiff. Despite its awareness of the liens, defendant did not pay plaintiff the value of its security interests before paying the Manleys. The loans have not been repayed, and the Manleys are now insolvent.

On December 20, 2012, plaintiff filed its "Complaint for Conversion and Voiding of Security Interest" in the Jefferson County Chancery Court. As is suggested by the title of that pleading, plaintiff alleges a state law claim for conversion but does not raise any claims under federal law.

II.

*Applicable Legal Standards*

The Federal Rules authorize dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). While factual allegations are to be credited, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing and quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotation omitted)).

III.

*Analysis*

A. <u>Preemption</u>

As noted, plaintiff's complaint contains a single count: state law conversion. By its motion to dismiss, defendant argues that this state law claim is preempted by the Food Security Act of 1985, 7 U.S.C. § 1631 ("FSA"). Defendant is correct.

With exceptions not relevant to the issue of preemption, the FSA provides that "*notwithstanding any other provision of Federal, State, or local law*, a buyer who in the ordinary course of business buys a farm product from a seller engaged in farming operations shall take free of a security interest created by the seller, even though the security interest is perfected; and the buyer knows of the existence of such interest." 7 U.S.C. § 1631(d) (emphasis added).[2] Congress enacted the FSA "to protect farm products purchasers from

---

[2] It appears that the crop at issue in this case is tobacco. Tobacco is a "farm product"
(continued...)

3

double payment." *Farm Credit Midsouth v. Farm Fresh Catfish*, 371 F.3d 450, 452 (8th Cir. 2004).

> [T]he exposure of purchasers of farm products to double payment inhibits free competition in the market for farm products . . . and this exposure constitutes a burden on and an obstruction to interstate commerce in farm products. The purpose of [the FSA] is to remove such burden on and obstruction to interstate commerce in farm products.

7 U.S.C. § 1631(a)(3)-(4), (b). Tennessee law recognizes that "[a] buyer in ordinary course of business buying farm products from a person engaged in farming operations would take free of a security interest created by the buyer's seller as provided in Section 1324 of the federal Food Security Act of 1985, 7 U.S.C. § 1631." Tenn. Code § 47-9-320(a).

The complaint in this case alleges that defendant, with knowledge of plaintiff's perfected security interests, purchased and sold the Manleys' crops without paying plaintiff the value of its liens. That is the precise factual circumstance covered by the FSA, "notwithstanding any other provision of Federal, State, or local law . . . ." 7 U.S.C. § 1631(d). Plaintiff's state law conversion claim is therefore preempted by the FSA. *See United States of America v. Winter Livestock Comm'n*, 924 F.2d 986, 993 n. 8 (10th Cir. 1991) (noting preemptive effect of FSA on conversion claims); *Farm Credit Servs. of Mid Am. v. Rudy, Inc.*, No. C-3-93-271, 1995 WL 1622801, at *6 (S.D. Ohio, Mar. 8, 1995) (The FSA "is intended to preempt state law . . . to the extent necessary to achieve the goals of the

---

²(...continued)
covered by the Food Security Act. *See* 9 C.F.R. § 205.206(a).

4

legislation.") (citation omitted); *Tallahatchie County Bank v. Marlow (In re Julien Co.)*, No. 90-20283-B, 1992 WL 65723, at *3 (Bankr. W.D. Tenn. Apr. 3, 1992) (noting the preemptive effect of the FSA over matters addressed therein); *First Nat'l Bank & Trust v. Miami County Coop. Ass'n*, 897 P.2d 144, 151 (Kan. 1995) (The FSA "preempts the Kansas Uniform Commercial Code provisions and any other federal, state, or local law governing security interests in agricultural products and production of agricultural products."); *State Bank of Cherry v. CGB Enters.*, 964 N.E.2d 604, 608 (Ill. App. Ct. 2012) ("Section 1631(d) is a clear expression of an intent to preempt state law.").

Because plaintiff's single-count state law complaint is preempted by federal law, the complaint must be dismissed. *See, e.g., Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (ERISA); *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 277-78, 281 (6th Cir. 2009) (National Banking Act); *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994 (6th Cir. 1994) (Federal Communications Act). Defendant's motion to dismiss will accordingly be granted.

B. <u>Amendment of Complaint</u>

After responding in opposition to the motion to dismiss, plaintiff moved to amend its complaint. "The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite this lenient standard, leave should not be granted in instances where the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "Amendment of a complaint is futile when the proposed

amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).

It is first noted that plaintiff did not attach to its motion a proposed amended complaint as is required by this court's Local Rule 15.1. That fact alone is grounds to deny the motion.

More importantly, the amendment suggested by plaintiff would be futile. Plaintiff's motion to amend (along with briefing found on the last page of the response to the motion to dismiss) allude only to perhaps producing an amended complaint with more facts and exhibits. No mention is made of amending the complaint to add a claim under the preemptive FSA.[3]

In sum, plaintiff moves only for leave to file an expanded state law conversion complaint, which would still be preempted by the FSA. Plaintiff's suggested amendment would be futile. The motion to amend will be denied.

---

[3] Even less persuasive is plaintiff's statement that "it would ask for leave to amend the Complaint in the event the Court considers it insufficient for any reason." [Doc. 8, p.12]. That is merely an openended request for legal advice, and this court does not give legal advice to its litigants. Plaintiff is not "entitled to an advisory opinion from the Court pointing out the deficiencies in the complaint and allowing [it] a free opportunity to cure them." *Azzolini v. Corts Trust II for Provident Fin. Trust I (In re UnumProvident Corp. Sec. Litig.)*, 396 F. Supp. 2d 858, 900 (E.D. Tenn. 2005). Moreover, this court "will not approve of any [motion to amend] whose sole purpose is to avoid or circumvent" a ruling on a motion to dismiss. *Id.* at 901 n.19.

### C. Remaining Issues Moot

In addition to the issues discussed herein, the parties dispute: the necessary contents of a notice under the FSA's direct notice exception; whether the FSA requires strict, or merely substantial, compliance with the requirements of its direct notice exception; and whether the FSA is subject to equitable defenses such as estoppel and course of performance. The court's rulings in the two preceding sections of this opinion render all of the parties' remaining disputes moot.

### IV.

*Conclusion*

For the reasons stated herein, defendant's motion to dismiss will be granted and plaintiff's motion to amend will be denied. This civil action will be dismissed. An order consistent with this opinion will be entered.

ENTER:

                                                         s/ Leon Jordan
                                      United States District Judge